IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARAMEN BALLARD,

    Plaintiff,                                  No. CIV S-11-2576 JAM DAD PS

    v.

PATRICK R. DONAHOE, et al.,          ORDER

    Defendants.

_____/

        Plaintiff Karamen Ballard, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

1

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint is deficient in several respects.  First, the court notes that plaintiff has not listed a phone number in the upper left-hand corner of the complaint.  A plaintiff's telephone number must be included in the upper left-hand corner of each document filed on behalf of plaintiff.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

Second, plaintiff's one-page complaint, although certainly short, does not contain a plain statement of the grounds upon which the court's jurisdiction depends.  Rather, in his complaint plaintiff alleges only the following:

> -Retaliation for EEOC activity.
> -Management failed to take steps to prevent harassment.
> -And the infliction of emotional distress.

/////

> The relief I seek is a transfer to another facility.  Management to cease and desist from harassment.  I also seek a monetary award and judgement in the amount $1,557,000.00
>
> I wish to have a trial by jury.

Complaint (Doc. No. 1) at 1.

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory

4

1 – federal question jurisdiction does not attach because federal law is not a necessary element of
2 the claim." Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

3       Finally, plaintiff's complaint does not state a cause of action or allege the factual
4 allegations underlying that cause of action.  Although the Federal Rules of Civil Procedure adopt
5 a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's
6 claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R.
7 Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A
8 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of
9 action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of
10 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949
11 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some
12 degree of particularity overt acts which the defendants engaged in that support the plaintiff's
13 claims.  Jones, 733 F.2d at 649.

14       Accordingly, for all of the reasons cited above, plaintiff's complaint will be
15 dismissed for failure to state a claim.

16       The undersigned has carefully considered whether plaintiff may amend the
17 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
18 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
19 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
20 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
21 while leave to amend shall be freely given, the court does not have to allow futile amendments).
22 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
23 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
24 support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,
25 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.
26 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

1 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
2 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
3 1988)).

4       Here, the court cannot say that it appears beyond doubt that leave to amend would
5 be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to
6 file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an
7 amended complaint "the tenet that a court must accept as true all of the allegations contained in a
8 complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
9 action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.
10 "While legal conclusions can provide the complaint's framework, they must be supported by
11 factual allegations." Id. at 1950.  Those facts must be sufficient to push the claims "across the
12 line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

13       Plaintiff is also reminded that the court cannot refer to a prior pleading in order to
14 make an amended complaint complete.  Local Rule 220 requires that any amended complaint be
15 complete in itself without reference to prior pleadings.  The amended complaint will supersede
16 the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended
17 complaint, just as if it were the initial complaint filed in the case, each defendant must be listed
18 in the caption and identified in the body of the complaint, and each claim and the involvement of
19 each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise
20 but complete factual allegations describing the conduct and events which underlie plaintiff's
21 claims.

22       Accordingly, IT IS HEREBY ORDERED that:

23       1. Plaintiff Karamen Ballard's September 30, 2011, application to proceed in
24 forma pauperis (Doc. No. 2) is granted.

25       2. The complaint filed September 30, 2011 (Doc. No. 1) is dismissed with leave
26 to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: December 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ballard2576.ifp.ord