1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11   KARAMEN BALLARD,

12            Plaintiff,                    No. 2:11-cv-2576 JAM AC PS

13        vs.

14   PATRICK R. DONAHOE,              ORDER AND

15            Defendant.              STATUS (PRETRIAL SCHEDULING) ORDER

16   _____/

17           The court is in receipt of the parties' joint status report.  ECF No. 21.  The court

18   has determined that the matter shall be submitted upon the record and briefs on file and

19   accordingly, the date for hearing of this matter shall be vacated.  Local Rule 230.  On review of

20   the parties' status report, the court enters the following scheduling order:

21   SERVICE OF PROCESS

22           Service of process is undisputed and defendant has answered.

23   JOINDER OF PARTIES/AMENDMENTS

24           No further joinder of parties or amendments to pleadings is permitted except with

25   leave of court and upon a showing of good cause.

26   ////

1

1   JURISDICTION/VENUE

2          Jurisdiction is predicated upon 28 U.S.C. § 1331.  Jurisdiction and venue are

3   undisputed and are hereby found to be proper.

4   DISCOVERY

5          All discovery shall be *completed* by **October 25, 2013**.  The word "completed"

6   means that all discovery shall have been conducted so that all depositions have been taken and

7   any disputes relative to discovery shall have been resolved by appropriate order if necessary and,

8   where discovery has been ordered, the order has been complied with.  Motions to compel

9   discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and

10   must be heard not later than **October 3, 2013**.

11   EXPERT DISCLOSURE

12          The parties are to designate in writing, and serve upon all other parties, the names

13   of all experts they propose to tender at trial in accordance with the following schedule: plaintiff's

14   initial expert disclosures on or before **July 19, 2013**; defendant's initial disclosures on or before

15   **August 19, 2013**; and rebuttal expert disclosures on or before **September 18, 2013**.

16          An expert witness not appearing on said lists will not be permitted to testify

17   unless the party offering the witness demonstrates: (a) that the necessity of the witness could not

18   have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing

19   counsel were promptly notified upon discovery of the witness; and (c) that the witness was

20   promptly proffered for deposition.  Failure to provide the information required along with the

21   expert designation may lead to preclusion of the expert's testimony or other appropriate

22   sanctions.

23          For the purposes of this scheduling order, experts are defined as "percipient" and

24   "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who,

25   because of their expertise, have rendered expert opinions in the normal course of their work

26   duties or observations pertinent to the issues in the case.  Another term for their opinions are

1  "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26

2  experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

3  they may be asked to testify about their opinions given in the past and the whys and wherefores

4  concerning the development of those opinions.  However, they may not be asked to render a

5  current opinion for the purposes of the litigation.

6        Rule 26 experts, who may be percipient experts as well, shall be specifically

7  designated by a party to be a testifying expert for the purposes of the litigation.[1]  The Rule 26

8  expert may express opinions formed for the purposes of the litigation.  A party designating a

9  Rule 26 expert will be assumed to have acquired the express permission of the witness to be so

10  listed.

11        The parties shall comply with the information disclosure provisions of Federal

12  Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule

13  26 expert.  This information is due at the time of designation.  Failure to supply the required

14  information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully

15  prepared to render an informed opinion at the time of *designation* so that they may fully

16  participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted

17  to testify at trial as to any information gathered or evaluated, or opinion formed, which should

18  have been reasonably available at the time of designation.  The court will closely scrutinize for

19  discovery abuse deposition opinions which differ markedly in nature and/or in bases from those

20  expressed in the mandatory information disclosure.

21  MOTION HEARING SCHEDULES

22        All law and motion, except as to discovery, shall be *completed* by **January 15,**

23  **2014**.  The word "completed" in this context means that all law and motion matters must be

24  heard by the above date.  Counsel (and/or pro se parties) are cautioned to refer to the Local Rules

25

26     [1] The court is not interested in a designation of non-testifying Rule 26 experts – i.e., not-testifying consultants.

1 regarding the requirements for noticing such motions on the court's regularly scheduled law and

2 motion calendar.  Available hearing dates may be obtained by calling Valerie Callen, the

3 Courtroom Deputy, at (916) 930-4199.

4             Local Rule 230 governs the calendaring and procedures of civil motions with the

5 following additions:

6       (a)      The opposition and reply must be filed by 4:30 p.m. on the day due; and

7       (b)      When the last day for filing an opposition brief falls on a legal holiday, the

8                 opposition brief shall be filed on the last court day immediately preceding the

9                 legal holiday.

10 Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

11 the motion and the court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651,

12 652-53 (9th Cir. 1994).

13             *All purely legal issues are to be resolved by timely pretrial motion.*  The parties

14 should keep in mind that the purpose of law and motion is to narrow and refine the legal issues

15 raised by the case, and to dispose of by pretrial motion those issues that are susceptible to

16 resolution without trial.  To accomplish that purpose, the parties need to identify and fully

17 research the issues presented by the case, and then examine those issues in light of the evidence

18 gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that

19 an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law

20 and motion cutoff set forth above.  The parties are cautioned that failure to raise a dispositive

21 legal issue that could have been tendered to the court by proper pretrial motion prior to the

22 dispositive motion cut-off date may constitute waiver of such issue.

23             Counsel are reminded that motions in limine are procedural devices designed to

24 address the admissibility of evidence.  Counsel are cautioned that the court will look with

25 disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

26 ////

1 | FINAL PRETRIAL CONFERENCE

2        The final pretrial conference is set before the Honorable John A. Mendez on

3  **April 25, 2014 at 10:00 a.m.** in Courtroom No. 6.  Counsel are cautioned that counsel appearing

4  for pretrial will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at

5  the time of the pretrial conference, with no matters remaining to be accomplished except

6  production of witnesses for oral testimony.  Counsel are referred to Local Rules 281 and 282

7  relating to pretrial statements and conferences.  A failure to comply with Local Rules 281 and

8  282 will be grounds for sanctions.

9        Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial*

10  *statement* not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial

11  statement shall conform with the requirements of Local Rule 281(b).  The undisputed facts and

12  disputed factual issues shall be set forth in two separate sections.  The parties should identify

13  those facts which are relevant to each separate cause of action.  In this regard, the parties are to

14  number each individual fact or factual issues.  Where the parties are unable to agree as to what

15  factual issues are properly before the court for trial, they should nevertheless list in the section

16  on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by

17  parenthetical the controversy concerning each issue.  The parties should keep in mind that, in

18  general, each fact should relate or correspond to an element of the relevant cause of action.  The

19  parties should also keep in mind that the purpose of listing the disputed factual issues is to

20  apprise the court and all parties about the precise *issues* that will be litigated at trial.  *The court is*

21  *not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[2]  The

22  joint statement of undisputed facts and disputed factual issues is to be filed with the court

23  concurrently with the filing of the joint pretrial statement.

24        Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in

25

26  [2] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1 their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no

2 matter for what purpose. These lists shall <u>not</u> be contained in the pretrial statement itself, but

3 shall be attached as separate documents to be used as addenda to the final pretrial order.

4 Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

5 The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at

6 trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly

7 applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or

8 use will be viewed as an abuse of the court's processes.

9 Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will

10 be their duty at the pretrial conference to aid the court in (a) formulation and simplification of

11 issues and the elimination of meritless claims or defenses; (b) settling of facts which should be

12 properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties

13 must prepare their joint pretrial statement, and participate in good faith at the pretrial conference,

14 with these aims in mind. A failure to do so may result in the imposition of sanctions, which may

15 include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such

16 other sanctions as the court deems appropriate.

17 <u>TRIAL SETTING</u>

18 A jury trial is set to commence before Judge Mendez on **July 14, 2014 at 9:00**

19 **a.m.** in Courtroom No. 6. The parties anticipate that the trial will take 3 days.

20 <u>SETTLEMENT CONFERENCE</u>

21 A settlement conference will be set at the request of the parties at the time of the

22 Pretrial Conference. If the parties conclude that an earlier settlement conference would likely

23 resolve the case, they may contact the clerk to request that one be scheduled.

24 <u>SUMMARY OF ORDER</u>

25 THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

26 1. The May 22, 2013 status (pretrial scheduling) conference is vacated;

2.   All discovery shall be completed by **October 25, 2013**.  Motions to compel must be heard not later than **October 3, 2013**.

3.   Plaintiff's initial expert disclosures on or before **July 19, 2013**; defendant's initial disclosures on or before **August 19, 2013**; and rebuttal expert disclosures on or before **September 18, 2013**.

4.   All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before **January 15, 2014**.

5.   The final pretrial conference is set before Judge Mendez on **April 25, 2014 at 10:00 a.m.** in Courtroom No. 6.  Pretrial statements shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

6.   A jury trial is set to commence before Judge Mendez on **July 14, 2014 at 9:00 a.m.** in Courtroom No. 6.

7.   Failure to comply with the terms of this order may result in the imposition of monetary and all other sanctions within the power of the court, including dismissal or an order of judgment.

IT IS SO ORDERED.

DATED: May 17, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;ball2576.dso

7